J-S04007-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM M. REEDER, | |
| Appellant | No. 968 MDA 2014 |

Appeal from the PCRA Order May 12, 2014
In the Court of Common Pleas of Centre County
Criminal Division at No(s): CP-14-CR-0000153-2005, CP-14-CR-0000252-2004, CP-14-CR-0000257-2005, CP-14-CR-0001594-2005

BEFORE:  BOWES, ALLEN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                **FILED MARCH 16, 2015**

William M. Reeder appeals from the May 12, 2014 order denying a PCRA petition.  We affirm.

The present matter involves four criminal actions.  A recitation of the procedural history of each one is needed in order to properly dispose of this appeal.  At criminal action number 252-2004, Appellant was charged with two counts of conspiracy and one count of theft after he allegedly took $400 in cash from Harold Reeder.  On January 17, 2005, he entered a negotiated guilty plea to theft in exchange for a sentence of two years probation and dismissal of the other two charges at this action as well as all charges filed at a prior criminal action.

_____

[*]  Retired Senior Judge assigned to the Superior Court.

At criminal action number 153-2005, Appellant pled guilty on April 1, 2005 to theft and was sentenced to five years probation, which was to be served consecutively to that imposed at 252-2004. The facts underlying that guilty plea follow. On November 8, 2004, Appellant went to William Comley's home in Centre County. Mr. Comley knew that at one time, Appellant worked in automobile sales, and Appellant offered to sell Mr. Comley a used car for $500. Mr. Comley gave Appellant the cash, which Appellant took, but the victim never received a car from Appellant.

At criminal action number 257-2005, Appellant pled guilty on April 1, 2005, to one count each of theft and receiving stolen property, and he was given a five year probationary term that was concurrent with the probation imposed at 252-2004 and 153-2005. On October 12, 2004, Appellant gave Todd Fischer of Fischer's Market a check to cash. The check was payable to Appellant in the amount of $450 and purportedly executed by Jason Dixon. Mr. Fischer cashed the check for Appellant and gave him the $450. The check was subsequently returned to the victim because the account upon which it was written was closed. Police interviewed Mr. Dixon, and he denied signing a check payable to Appellant.

At criminal action number 1594-2005, Appellant was convicted by a jury of theft and receiving stolen property. Those charges arose from Appellant's sale of a truck that he did not own for $5,000 in cash. Appellant obtained the truck with the consent of an employee of the owner, and his convictions in that case rested upon his receipt of $5,000 in cash from the

person to whom he sold the truck, which the victim returned to its rightful owner. Appellant represented himself before the jury. On March 9, 2006, Appellant was sentenced at 1594-2005 to three to six years incarceration.

Due to Appellant's convictions at 1594-2005, his probation was revoked at cases 252-2004, 153-2005, and 257-2005. On April 24, 2006, a consolidated revocation hearing was held. At that time, Appellant's probation was revoked and he was sentenced to a total term of imprisonment of seven and one-half to fifteen years incarceration. The April 24, 2006 sentence was also imposed consecutively to the term of imprisonment imposed at 1594-2005, for a total of ten and one-half to twenty-one years in jail.

Appellant did not file direct appeals in any of the four criminal actions. On July 17, 2006, Appellant filed a *pro se* PCRA petition that was timely as to the violation-of-probation sentences imposed on April 24, 2006 as well as the March 9, 2006 sentence imposed at 1594-2005 following his jury trial. Counsel was appointed, and he filed an amended PCRA petition on June 25, 2007; all four docket numbers were included in the caption of that document.

After an evidentiary hearing held on February 7, 2008, Appellant's right to file a post-sentence motion and an appeal at each of the four criminal action numbers was reinstated on October 14, 2008. On appeal, Appellant claimed that he was improperly permitted to proceed *pro se* at the jury trial that transpired at 1594-2005. We rejected that contention and

affirmed. ***Commonwealth v. Reeder***, 4 A.3d 702 (Pa.Super. 2010) (unpublished memorandum).

Appellant then filed a PCRA petition on October 19, 2010. Since his prior PCRA petition had reinstated his direct appeal rights at the four criminal action numbers, this PCRA petition was considered a first one. ***See Commonwealth v. Callahan***, 101 A.3d 118, 122 (Pa.Super. 2014) (quoting ***Commonwealth v. Turner***, 73 A.3d 1283, 1286 (Pa.Super. 2013)) ("This Court has explained that when a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes."). The PCRA court failed to appoint counsel for Appellant to litigate the October 19, 2010 petition and then denied relief on January 14, 2011. On appeal, we reversed and remanded for the appointment of counsel under well-settled precedent requiring that relief for purposes of a PCRA petitioner's first PCRA petition. ***Commonwealth v. Reeder***, 37 A.3d 1235 (Pa.Super. 2011) (unpublished memorandum) ("***Reeder II***").

On remand, counsel, Steven P. Trialonas, Esquire, was appointed, but he petitioned to withdraw under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1998) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*), which outline the requirements for counsel to withdraw in the post-conviction setting. Appellant's *pro se* October 19, 2010 PCRA petition failed to set forth any discernable claim and merely asserted that appellate

counsel was ineffective for failing to present unnamed issues in the prior appeal to this Court at 1594-2005.

Mr. Trialonas reported in his no-merit letter that he had consulted with Appellant and that Appellant wanted to raise the following issues in his post-conviction proceeding: 1) appellate counsel should not have submitted his direct appeal at 1594-2005 on the briefs; 2) Appellant's April 24, 2006 revocation sentence was illegal since the sentences at each of the three criminal actions should have been imposed concurrently rather than consecutively; 3) that his signatures were forged on the guilty plea agreements entered at 252-2004, 153-2005, and 257-2005; and 4) transcripts in the records of the four criminal cases were altered and that Appellant had proof of the tampering since he received unaltered transcripts. In his no-merit letter, Mr. Trialonas established that Appellant was not entitled to PCRA relief as to the first three issues. Mr. Trialonas also reported that he had repeatedly asked Appellant for the unaltered transcripts, but Appellant had failed to forward them to him.

The no-merit letter was served on Appellant on February 21, 2014. Counsel also served on Appellant his petition for leave to withdraw as counsel, which was filed on February 24, 2014. In the petition to withdraw, Mr. Trialonas set forth that he had conducted a review of the records and the issues that Appellant sought to raise. Counsel concluded that there were no meritorious issues to raise. On March 25, 2014, the PCRA court examined the petition to withdraw and no-merit letter and conducted an independent

- 5 -

review of the record. It found that the October 19, 2010 petition was meritless and permitted Mr. Trialonas to withdraw. On March 26, 2014, the court issued notice, as required by Pa.R.Crim.P. 907, that it intended to dismiss the PCRA petition without a hearing.

On April 15, 2014, Appellant filed a document objecting, with a single exception, to the validity of the proceedings at criminal action numbers 252-2004, 153-2005, and 257-2005. With respect to case number 1594-2005, Appellant did raise one issue: "The court erred by denying Petitioner a mistrial after Comm. solicited Testimony that the value of the Truck was above $5000. Before the start of Trial[,] Petitioner made a[n] oral motion to preclude the Comm. of eliciting Testimony. CP-1594." Letter, 4/15/14, at 1.

On May 12, 2014, the PCRA court indicated that the issue raised in the April 15, 2014 document as to the trial conducted at 1594-2005 had been previously raised and rejected as grounds for a new trial. The court also denied the October 19, 2010 petition. Appellant filed his notice of appeal. Appellant raises eleven issues for our review. Initially, we outline the applicable principles regarding our review of the PCRA court's determinations herein:

> An appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level.

*Commonwealth v. Freeland*, 2014 WL 6982658, 4 (Pa.Super. 2014) (citation omitted).

On appeal, Appellant challenges both the judgment of sentence imposed in criminal action 1594-2005 following his jury trial as well as his guilty pleas and probation revocation sentence involved in criminal action numbers 252-2004, 153-2005, and 257-2005. We conclude that the October 19, 2010 PCRA petition was not timely in criminal action numbers 252-2004, 153-2005, and 257-2005. To be timely, a PCRA petition must be filed within one year of the date a judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). "[A] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

The probation revocation sentence at action numbers 252-2004, 153-2005, and 257-2005 was imposed on April 24, 2006. On October 14, 2008, Appellant was accorded the right to appeal *nunc pro tunc* from the April 24, 2006 judgment of sentence. He had until November 13, 2008, thirty days after grant of the right to appeal to initiate his direct appeal. *Callahan*, *supra*. Therefore, his judgment of sentence of April 24, 2006 became final on November 13, 2008, when he did not appeal. *Id*. Appellant had until November 13, 2009, to file a timely PCRA petition at cases 252-2004, 153-2005, and 257-2005, and his October 19, 2010 petition was untimely in

those criminal action numbers. On appeal, he fails to set forth how he has overcome the one-year time bar in those three cases.

We observe that the untimeliness of the petition for purposes of action numbers 252-2004, 153-2005, and 257-2005 is law of the case. In **Reeder II**, we expressly ruled that the October 19, 2010 petition was untimely in those three cases:

> The record reveals that Appellant's judgment of sentence with respect to Nos. CP-14-CR-0252-2004, CP-14-CR-0153-2005, and CP-14-CR-0257-2005 became final on November 13, 2008, 30 days after the PCRA court reinstated his right to directly appeal his probation revocation sentences, and the time for filing said notice of appeal with this Court expired. **See** 42 Pa.C.S.A. § 9545(b)(3). Therefore, in order to comply with the filing requirements of the PCRA, Appellant's petition had to be filed by November 13, 2009. As the petition was not filed until October 19, 2010, more than 11 months late, it is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). Moreover, Appellant fails to make any mention of his petition's timeliness in the argument section of his appellate brief, nor does he assert any of the time-bar exceptions in the two issues he raises. **See** 42 Pa.C.S.A. § 9545(b)(1)(i-iii). Without a pled and successfully proven exception to the time bar, we are precluded from addressing the merit of the argument raised. **See Commonwealth v. Perrin**, 947 A.2d 1284, 1285 (Pa. Super. 2008).

**Reeder II**, **supra** (unpublished memorandum at n.7).

In accordance with the law of the case, it is clear that the October 19, 2010 PCRA petition at issue was untimely as to action numbers 252-2004, 153-2005, and 257-2005. Appellant fails to plead and prove that one of the exceptions to the one-year time bar applies. Hence, we are precluded from addressing any claims relating to the April 24, 2005 revocation sentence as

we lack jurisdiction over them. ***Callahan***, ***supra*** (courts lack jurisdiction over untimely PCRA petitions).

As to action number 1594-2005, we affirmed the judgment of sentence imposed in that case on June 29, 2010. Hence, the PCRA petition filed on October 19, 2010 was timely as to that action number. The allegations that Appellant raises are quoted from his brief as follows:

1. Did appointed Counsel Trialonas [PCRA counsel] egregiously disregard the Order of this Court dated October 18, 2011 Court [sic] via his submission of a Turner/Finley letter on Grounds that the "claims have no merit"/"were already argued" despite contrary evidence of the record that only one (1) of the eleven complaints argued and the record clearly reflecting a litany of complaints holding arguable merit. Conduct of which has clearly prejudiced appellant among violating his entitled right to assistance of legally trained Counsel in litigating first PCRA?

2. Did trial Court err and prejudice appellant in ignoring the genuine material fact that appellant was not properly arraigned on CR-1594-05, in that Officers did not serve a warrant, knock or announce their presence prior to breaking down door and arresting him. Further, that the officers did not present any papers to District Judge Lundsford at his preliminary-arraignment thus Counsel prejudiced appellant in failing to allege/address said defects/infringements?

3. Did trial Court Abuse it's [sic] Discretion and prejudice appellant in denying his motion for New Trial on the Grounds that D.A. Boob repeatedly announced the value of the truck despite certifying for the record that he would "leave that out of the record". N.T. 1/31/06 P-21?

4. [Relates to the validity of the guilty pleas entered at 252-2004, 153-2005, and 257-2005.]

5. Did the Court err and prejudice appellant in ignoring the genuine material fact of a legitimate conflict of interest in that appellant was represented by the Centre County P.Ds. Office in

all the above cited cases, yet, had members of the former appointed to represent him though the P.Ds. office had entities testify against him in a previous case?

6. Did the Court/Stand-by Counsel Lisko [Appellant's stand-by counsel at the trial at action number 1594-2005] err and prejudice appellant in failing to insure he had a copy of timely related Informations/Discoveries to use in trial?

7. [Relates to plea counsel's ineffectiveness in connection with the guilty pleas entered at 252-2004, 153-2005, and 257-2005.]

8. Was appellant denied Due Process of Law/Prejudiced when PCRA Counselor Trialonas was aware of plea agreement for 2-4 Years for CR-1594 (That Counselor Lisko falsely certified to the Court Appellant did not want.) Which record of February 7, 08 evidentiary hearing validated offer of. Yet, Trialonas failed to retrieve those records for review prior to submission to withdraw on claim of "no merit". Further that Counsel failed to perform an exhaustive reading of the record to uncover all possible issues for review and in doing so lacked candor/perjured himself via his certified account that he did in fact perform?

9. [Relates to counsel's actions in connection with the April 24, 2006 revocation sentence.]

10. Did the Court/Counselor Lisko err/prejudice appellant in not providing a list of witnesses the Commonwealth intended to call in it's [sic] case-in-chief and due to said failure appellant was denied Due Process of Law?

11. Did Counselor Parvis err/prejudice appellant in telling the Court that "There's not a whole lot I can tell the Court about it, or Mr. Reeder, but I'm hoping the Court will A: accept the plea and B: Go along with sentencing". N.T. 4-1-05. That Parvis did so conflictively [sic] to the certification to the Court as documented on N.T. id. P-4 where D.A. Boob clearly certifies that Appellant entered a negotiated plea?

Appellant's brief at 4-5.

Appellant's first complaint is that Mr. Trialonas improperly followed our prior directive when he sought to withdraw. We disagree. In *Reeder II*, we

- 10 -

merely remanded for the appointment of counsel, which occurred herein. Our decision cannot be construed as prohibiting counsel from seeking to withdraw.

We cannot address issues four, seven, and nine as they relate to the cases where the October 19, 2010 PCRA petition was untimely and where we lack jurisdiction. We also cannot address issues two, five, six, eight,[1] ten, and eleven[2] because they are waived. None of these contentions was presented in Appellant's PCRA petition filed on October 10, 2010. Likewise, Appellant failed to raise these averments when he responded to the PCRA court's Pa.R.Crim.P. 907 notice and PCRA counsel's petition to withdraw. Since the issues were not raised during the PCRA court proceedings at any point, they are waived and cannot be presented for the first time on appeal, even under the guise of PCRA counsel's ineffectiveness for failing to raise them. ***Commonwealth v. Rigg***, 84 A.3d 1080 (Pa.Super. 2014).

_____

[1] In connection with this averment, Appellant suggests that a plea offer was not conveyed to him before he proceeded to trial at 1594-2005. This averment directly contradicts his testimony at the PCRA hearing conducted on his first PCRA. At that proceeding, Appellant testified that the Commonwealth offered to allow him to plead guilty in exchange for a sentence of two to four years incarceration and that he rejected that offer. N.T. Hearing, 2/7/08, at 20. Counsel confirmed that Appellant refused to plead guilty. ***Id***. at 62.

[2] We are unable to comprehend the nature of allegation eleven and cannot decipher whether it pertains to 1594-2005. To the extent that it does, it was not preserved.

The only preserved allegation that concerns the trial proceedings at 1594-2005 is the one relating to the value of the truck. The following facts are pertinent. As noted, Appellant was permitted to represent himself at trial.[3] The evidence was that Appellant had sold a truck for $5,000 to Carol McCully and kept the cash. Ms. McCully had a family business wherein trucks were utilized to deliver products. One of the trucks was experiencing problems with its transmission. Appellant, whom Ms. McCully knew from attending school with him, was aware of the problem with the truck. On July 28, 2005, Appellant called Ms. McCully and said that he could sell her a truck for $5,000. He came to her residence and sold her the truck for approximately $5,000 in cash.

Appellant was not the legal owner of the truck, which actually was owned by Stocker Chevrolet ("Stocker"). Stocker sold both new and used vehicles. The Commonwealth established that Appellant did not have the authority to sell that truck and was not an employee of Stocker. He had custody of the truck by permission. Specifically, he was given the truck and its keys by Terry Stephens. Mr. Stephens worked for Autobuffs, which is an auto-detailing shop owned by Stocker. Mr. Stephens testified that Appellant telephoned him on July 28, 2005, and wanted to know how much a certain truck on the Stocker lot cost. Mr. Stephens called the sales manager and

_____

[3] On direct appeal, we concluded that he properly was permitted to do so and that the colloquy was compliant with applicable law. **Reeder II**, **supra**.

was told that Stocker wanted at least $13,000 for the truck. Appellant said he had a buyer for the truck and represented that he would be selling the truck on behalf of Stocker.

Appellant was charged with theft and receiving stolen property at action number 1594-2005 in connection with his receipt of the $5,000 from Ms. McCully. He was not charged with stealing the truck from Stocker, and the jury was so informed. N.T. Trial, 1/31/06, at 186 ("Mr. Reeder, just so you're clear and just so the jury is clear, the information in this case does not involve the theft of a motor vehicle. It does not involve a theft from Stocker Chevrolet."). When Mr. Stephens said that Stocker wanted at least $13,000 for the truck, Appellant objected because the value of the truck was not supposed to be mentioned at trial. At that time, the court issued a lengthy cautionary instruction to the effect that the value of the truck was not relevant to the jury's deliberation.

As the trial court noted when it resolved this issue during Appellant's first PCRA proceeding, the value of the truck was not relevant at trial since Appellant was accused of taking the money from Ms. McCully rather than stealing the truck itself. The court concluded that the evidence in question was innocuous, that any prejudice inuring to Appellant from mention of the truck's value was cured by jury instruction, and that Appellant was not entitled to a new trial due to introduction of the proof in question.

Since the issue was not raised on appeal, the question herein is whether appellate counsel was ineffective for failing to present that contention as grounds for a new trial.

> To establish trial counsel's ineffectiveness, a petitioner must demonstrate: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for the course of action or inaction chosen; and (3) counsel's action or inaction prejudiced the petitioner. ***See Strickland v. Washington***, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); ***Commonwealth v. Pierce***, 515 Pa. 153, 527 A.2d 973 (1987).

***Freeland***, ***supra*** 2014 WL 6982658 at 4 (citation omitted). Herein, we concur that the jury verdict was not affected by admission of the testimony that Stocker wanted at least $13,000 for the truck. Its value was not pertinent, and the jury was so instructed. Appellant would not have obtained a new trial based upon the testimony in question, and appellate counsel was not ineffective for failing to present this claim on direct appeal in action 1594-2005.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2015

- 14 -